## George M. Sefton v. A. M. Mitchell and I. B. Mitchell.

1. PLEA—*confession and avoidance, when bad.* A plea of confession and avoidance is bad and is properly overruled on demurrer which neither confesses nor avoids the matter relied upon in the declaration.

Action of assumpsit. Appeal from the Circuit Court of Coles County; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the November term, 1904. Affirmed. Opinion filed April 20, 1905.

A. C. ANDERSON, for appellant.

H. A. NEALY, for appellees.

MR. JUSTICE GEST delivered the opinion of the court.

This is a suit by Sefton, plaintiff, against defendants Mitchell, upon a note in which A. M. Mitchell appears to be principal and I. B. Mitchell surety. The defendants pleaded that before the execution of the note sued on one Wing as principal, and said A. M. Mitchell as surety, had made and delivered to Sefton certain described notes bearing various dates for various amounts and payable at vari-

ous times; that plaintiff knew that A. M. Mitchell was merely surety on said Wing notes; that upon the maturity of each of said Wing notes the plaintiff for a valuable consideration to him paid by said Wing, extended the time of payment of each of them for a period of thirty days without the knowledge or consent of said A. M. Mitchell, the surety thereon; that at the time of the execution of the note sued on the defendants were ignorant of the fact that said extensions had been so made; that plaintiff represented to defendants that A. M. Mitchell was indebted to him on said Wing notes; that the only consideration for the execution of the note sued on was the supposed liability of A. M. Mitchell on the Wing notes; that there was no agreement between said Wing and plaintiff that the notes sued on should be accepted in satisfaction of said Wing notes, and, so they say, said A. M. Mitchell was released from said Wing notes and that there was no consideration for the note sued on. The plea was good and plaintiff recognized its sufficiency and replied. He filed six replications, only two of which, the first and sixth, it is necessary to notice, as the first five are in substance the same.

The first sets up that Wing was principal in the notes above mentioned as the Wing notes "upon which it is alleged time was extended without the knowledge of the surety, A. M. Mitchell," and that Wing, before the execution of the note sued on, executed and delivered to A. M. Mitchell a mortgage upon certain real estate to indemnify him as surety on said notes, and which was of sufficient value to so indemnify.

The sixth replication sets up that each of said Wing notes contained a power of attorney authorizing confession of judgment thereon at any time after the date thereof, and that said powers of attorney were in full force and effect from the dates thereof until the execution of the note sued on. Defendants demurred to each of the replications, the court sustained the demurrer to the sixth replication and overruled the demurrers to the other five. There-

upon the defendants filed rejoinder to each of the five replications held good, which rejoinder was in substance that the time of payment of said Wing notes had been extended, as set up in the plea, before the said mortgage had been taken by A. M. Mitchell, and that he at the time of taking said mortgage had no knowledge that such extension had been made; that the note sued on was executed after the mortgage was taken; that the mortgage was not taken as indemnity against the liability on the note sued on, but as indemnity against the Wing notes and for no other purpose. Plaintiff demurred to the rejoinders, the court overruled his demurrer, plaintiff abided by his demurrer, and the court entered judgment against him for costs.

The sixth replication is manifestly bad; no discussion of that is necessary. The first replication is also bad; the defendants' demurrer thereto should have been sustained. It attempts to confess and avoid the plea of defendants. It neither confesses nor avoids. It does not confess that the extension of time had been given as stated in the plea; neither does it avoid the bar arising from such extension by averring that the defendant A. M. Mitchell knew that such extension had been made when he took the mortgage. Defendants' rejoinder sets up that he had no such knowledge when the mortgage was taken. The defendants' demurrer to the replication having been overruled, they averred in their rejoinder ignorance of the extension at the time when the mortgage was taken. As above stated the replication ought to have averred knowledge by defendants of such extension. The plaintiff's demurrer to the rejoinder should have been carried back to the replication. The same result, however, has been obtained by overruling the plaintiff's demurrer to the rejoinders.

The judgment will be affirmed.

*Affirmed.*